**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HALE-HALSELL COMPANY, OFFICIAL | ) | |
| UNSECURED CREDITORS COMMITTEE, | ) | |
| and HALE-HALSELL COMPANY | ) | |
| CREDITORS TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0089-CVE-PJC |
| | ) | |
| CREDITORS UNION STATE | ) | |
| BANK & TRUST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Withdraw the Reference and Brief in Support Thereof

(Dkt. # 2). The motion has been filed by 109 claimants identified as "Defendant/Retired Insured"

and "Defendant/Beneficiaries," and the movants collectively refer to themselves as the "Wallace

Defendants." The Wallace Defendants ask the Court to withdraw the reference of an adversary

proceeding (Adv. No. 04-1256-R) from the Bankruptcy Court for the Northern District of Oklahoma.

The Court has not received a response to the Wallace Defendants' motion.

On March 22, 2004, Hale-Halsell Company ("Hale-Halsell") filed a voluntary petition for

relief under Chapter 11 of the United States Bankruptcy Code. Hale-Halsell and the Official

Unsecured Creditors Committee ("the Committee") commenced an adversary proceeding on

December 15, 2004 against all potential claimants to proceeds of life insurance policies purchased

by Hale-Halsell. The pool of potential claimants included Citizens Union State Bank ("the Bank"),

to whom certain policies were assigned, retired employees of Hale-Halsell and their beneficiaries,

former active employees who were named insured and their designated beneficiaries, and other

individuals, including Hale-Halsell's president, Robert D. Hawk, Sr. ("Hawk"), on whose life Hale-Halsell purchased key man insurance policies. Hale-Halsell was the beneficiary of these life insurance policies, but Hale-Halsell and Hawk surrendered the policies to the Bank in exchange for the cash value of the policies. The Bank applied the cash value of the policies to Hale-Halsell's debt to the Bank.

Hale-Halsell and the Committee filed an adversary proceeding to recover the cash value of the policies from the Bank for the benefit of the bankruptcy estate. Adversary plaintiffs cited a "Split Dollar Agreement" with its employees and asserted that its assignment of the policies to the Bank were invalid under the Split Dollar Agreement. Those plaintiffs also alleged that the assignment of the policies constituted fraudulent transfers. On August 4, 2005, the bankruptcy court dismissed plaintiffs' claims against the Bank. On August 19, 2005, the Wallace Defendants filed an amended answer with counterclaims and crossclaims against Hale-Halsell, Hawk, and the Bank contending that none of those parties had any interest in the proceeds of the life insurance policies and sought to recover the cash value of the surrendered life insurance policies. The Wallace Defendants also asserted a counterclaim against Hawk for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1101 et seq. ("ERISA"). The bankruptcy court confirmed the Fourth Amended Plan of Liquidation ("the Plan") proposed by the Committee, and the Plan resolved all of the Wallace Defendants' counterclaims except for their ERISA counterclaim. The bankruptcy court ordered the Wallace Defendants to show cause why the ERISA counterclaim should not be dismissed, because the sole remaining counterclaim had little or no impact on the bankruptcy estate. To avoid dismissal, the Wallace defendants could file a motion to withdraw the reference of the adversary proceeding.

Under 28 U.S.C. § 157(a), a petition for relief under Chapter 11 of the United States Bankruptcy Code or "proceedings arising in or related to a case" under Chapter 11 are automatically referred to the bankruptcy court for resolution.   However, a district court may withdraw the reference to the bankruptcy court "for cause shown."   Id. at § 157(d).   The term "cause" is not defined by § 157(d).   However, courts considering permissive withdrawal of a reference under § 157(d) have found that the "principle [sic] inquiry is whether the claim involves core or non-core bankruptcy proceedings . . . ."   In re Westmoreland Coal Co., 221 B.R. 512, 515 (D. Colo. 1998). "Core proceedings are proceedings which have no existence outside of bankruptcy."   In re Gardner, 913 F.2d 1515, 1518 (10th Cir. 1990).   Section 157(b)(2) provides an extensive, but non-exclusive, list of core proceedings. Non-core proceedings are "actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court."   Plotner v. AT&T Corp., 224 F.3d 1161, 1173 (10th Cir. 2000).   "The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."   Gardner, 913 F.2d at 1518 (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

The bankruptcy court has considered the jurisdictional issues in this case  and determined that the remaining ERISA counterclaim constitutes a non-core proceeding that "does not arise under any section of the Bankruptcy Code and is a claim that could have been brought in the District Court if [Hale-Halsell] had not filed bankruptcy."   Hale-Halsell Company v. Citizens Union State Bank, Adv. No. 04-1256-R, Dkt. # 238, at 6 (Bankr. N.D. Okla February 14, 2008).   Although it is conceivable that Hawk could seek indemnification from the bankruptcy estate if the Wallace Defendants prevail on their counterclaim, counsel for Hawk has advised the bankruptcy court that

he would seek indemnification from the Wallace Defendants themselves rather than the bankruptcy estate.  Id.  The bankruptcy court determined that "[a]t best, the Wallace Defendants' claim against Hawk constitutes a non-core claim that may be 'related to' the Hale bankruptcy case."  Id. at 6.

The Court has reviewed the Wallace Defendants' motion and the bankruptcy court's order and finds that the reference of Adversary Proceeding 04-1256-R should be withdrawn.  The pending counterclaim does not implicate the bankruptcy laws and, if Hale-Halsell had not filed for bankruptcy, it could have been filed in federal district court.  Plotner, 224 F.3d at 1173; Gardner, 913 F.2d at 1518.  The bankruptcy court has found that the adversary proceeding is not a core proceeding and it may not exercise jurisdiction over the Wallace Defendants' ERISA counterclaim.  Hale-Halsell Company, Dkt. # 238, at 6 ("this is not a core proceeding over which this Court may exercise jurisdiction to enter a final order").   As the Wallace Defendants' counterclaim is within the federal question jurisdiction of this Court and adjudication of this counterclaim will not interfere with the bankruptcy estate, withdrawal of the reference under § 157(d) is appropriate.

**IT IS THEREFORE ORDERED** that  the Motion to Withdraw the Reference and Brief in Support Thereof (Dkt. # 2) is **granted**, and the reference of Adversary Proceeding 04-1256-R to the Bankruptcy Court for the Northern District of Oklahoma is withdrawn.

**DATED** this 20th day of March, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT